IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH THOMAS,

    Plaintiff,                      No. CIV S-05-2585 FCD CMK P

    vs.

COOPER, et al.,

    Defendants.           <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, the defendants are located and the claim arose in San Bernardino County, which is in the Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest

1

of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

As to the court's January 10, 2006, order regarding fee status, that issue is more appropriately resolved by the transferee court.  The January 10, 2006, order will, therefore, be vacated.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's January 10, 2006, order is vacated; and

2. This matter is transferred to the United States District Court for the Central District of California.

DATED: January 12, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE